UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY GOSSAGE,

    Plaintiff,

v.

OPM and DOL, et al.,

    Defendants.

Case No. C06-5299RJB

ORDER DECLINING TO RECUSE VOLUNTARILY AND REFERRING MOTION TO CHIEF JUDGE

This matter comes before the Court on plaintiff's Motion for Change of Judge. Dkt. 6. The court has reviewed relevant documents and the remainder of the file.

On May 31, 2006, plaintiff filed a civil action related to certain determinations and actions by the Office of Personnel Management and the Department of Labor. Dkt. 1. On June 8, 2006, plaintiff filed a Motion for Change of Judge, requesting that the undersigned judge recuse himself on the basis that his impartiality might reasonably be questioned. Dkt. 6. Plaintiff contends that the rulings of the undersigned judge in two prior cases have been adverse to him and are the result of bias. Plaintiff states that he "seek[s] a new set of eyes and a fresh open mind, which has not been tainted with prior personnel bias, as J Bryan labeled Plaintiff with a 'convict status'." *Id*. at 2.

Local Rule GR 8(c) provides as follows:

> Whenever a motion to recuse due to alleged bias or prejudice directed at a judge of this court is filed pursuant to 28 U.S.C. § 144, the clerk shall refer it to the chief judge. If the motion is directed at the chief judge, the clerk shall refer it to the next senior active judge. Before a ruling is made on a motion to recuse any judge, the challenged judge will be afforded an opportunity to review the motion papers and decide whether to recuse voluntarily.

1. **Decision whether to recuse voluntarily**

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The judge shall also disqualify

ORDER - 1

himself in circumstances where the judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(a)-(b)(1). 28 U.S.C. § 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). Adverse rulings by a judge are not sufficient to justify disqualification. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir.1981); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute valid basis for a bias or partiality motion.").

This court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the court. The court has no bias or prejudice in this case that would support a recusal or disqualification. The court should decline to recuse voluntarily.

 2. **Referral to chief judge**

Pursuant to Local Rule GR 8, this motion should be referred to the chief judge.

Accordingly, it is hereby **ORDERED** that the undersigned judge **DECLINES** to recuse voluntarily. Plaintiff's Motion for Change of Judge (Dkt. 6) is **REFERRED** to Chief Judge Robert S. Lasnik for decision.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to place plaintiff's Motion for Change of Judge (Dkt. 6) on Judge Lasnik's motion calendar.

DATED this 12th day of June, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 2