UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY GOSSAGE,<br><br>                Plaintiff,<br><br>    v.<br><br>OPM, OSHA, et al.,<br><br>                Defendants. | Case No. C06-5299RJB<br><br>ORDER DISMISSING CASE AND STRIKING MOTION FOR INTERLOCUTORY APPEAL TO PROCEED AS A VETERAN |

       This matter comes before the court on the court's June 12, 2006 order directing plaintiff to pay the filing fee or submit an application to proceed *in forma pauperis* (Dkt. 8), and on plaintiff's Motion to Proceed as a Veteran (Dkt. 10). The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

       On May 31, 2006, plaintiff filed a Complaint for Damages. Dkt. 1. At the time the complaint was filed, plaintiff did not pay the $350 filing fee. Instead, plaintiff filed a Motion to Proceed as a Veteran, requesting that the court permit him to proceed without paying the court fees or costs, pursuant to 38 U.S.C. § 4323(h). Dkt. 2, 5. On June 12, 2006, the court issued an order denying plaintiff's motion to proceed without paying the filing fee, and directing him to either pay the $350 filing fee in this matter by June 27, 2006, or, in the alternative, to submit a properly completed application to proceed *in forma pauperis* by that date. Dkt. 8.

ORDER
Page - 1

Plaintiff did not pay the filing fee in this matter by June 27, 2006, nor did he submit a properly completed application to proceed *in forma pauperis* by that date.

On June 26, 2006, plaintiff filed a Motion for Interlocutory Appeal to Proceed as a Veteran. Dkt. 10. In that motion, plaintiff requests that the court permit him to proceed with an interlocutory appeal, contending that the plain reading and interpretation of 38 U.S.C. § 4323(h) provides him the right to proceed without paying fees or court costs for claiming rights under Chapter 38 U.S.C.; and that the United States Supreme Court, in a pending case stemming from *Gossage v. O.P.M.*, C04-5669RJB, which was transferred to the Federal Circuit by this court, has permitted him to proceed as a veteran pursuant to 38 U.S.C. § 4323(h). Dkt. 10.

## DISCUSSION

In his complaint, plaintiff contends in part that his rights under the Uniformed Services Employment and Reemployment Rights Act (USERRA), Chapter 38 U.S.C., and the Veterans Employment Opportunity Act (VEOA), Chapter 5 U.S.C., were violated by federal agencies (OPM and OSHA). Plaintiff believes that he should be relieved from paying the filing fee in this civil action on the basis of 38 U.S.C. § 4323(h)(1), a provision of USERRA, which provides as follows:

> No fees or court costs may be charged or taxed against any person claiming rights under this chapter.

Plaintiff believes that, in the instant case, he has stated a claim under Chapter 38 U.S.C., and that he should therefore be permitted–by the provisions of 38 U.S.C. § 4323(h)(1)–to proceed without paying the court filing fee. Plaintiff is incorrect because he has not stated a claim under Chapter 38 U.S.C. that would invoke the provisions of 38 U.S.C. § 4323(h)(1).

38 U.S.C. § 4323 provides remedies for enforcement of rights under the USERRA against a State or private employer. The United States may bring an action against a State as an employer or a private employer, or a person may commence an action for relief with respect to a complaint against a State as an employer or a private employer. *See* 38 U.S.C. § 4323(a). Here, plaintiff is not bringing an action against a State as an employer or against a private employer; the purported defendants are federal agencies. 38 U.S.C. § 4323 does not authorize an action against federal agencies.

Private actions against federal agencies are permitted under 38 U.S.C. § 4324(d)(1). However, an action under Section 4324(d)(1) is brought as an appeal of a final order or decision of the Merit Systems

ORDER
Page - 2

Protection Board to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 4324(d)(1). The action plaintiff is attempting to bring in the instant case is not an appeal that is permitted under 38 U.S.C. § 4324(d)(1); it is a complaint for damages. A complaint for damages against a federal agency is not permitted under Chapter 38 U.S.C. Accordingly, 38 U.S.C. § 4323(h) does not apply to the claims plaintiff is attempting to bring in this court against the federal defendants. The case that this court transferred to the Federal Circuit, *Gossage v. O.P.M.*, C04-5669RJB, is an appeal of a decision of the Merit Systems Protection Board, and is pending before the Federal Circuit and/or the Merit Systems Protection Board and/or the United States Supreme Court. It is in that case that the United States Supreme Court has apparently permitted plaintiff to proceed as a veteran (without payment of court costs), apparently pursuant to 38 U.S.C. § 4323(h)(1). The court notes that the allegations plaintiff is attempting to bring in the instant case involve the same events and claims that are before the Federal Circuit in *Gossage v. O.P.M.*, C04-5669RJB.

Plaintiff is not entitled to proceed without paying the filing fee in this matter. He has not paid the filing fee nor has he filed a properly completed application to proceed *in forma pauperis* by June 27, 2006, as he was ordered to do by the court's June 12, 2006 order. The court should dismiss this case.

Plaintiff has filed a motion, requesting that the court permit him to file an interlocutory appeal of the court's denial of his motion to proceed without paying the filing fee. Dkt. 10. To the extent that this court has authority to rule on this motion, the issue is moot, since the case is dismissed by this order. The motion should be stricken from the court's calendar.

Therefore, it is hereby **ORDERED** that this case is **DISMISSED**. Plaintiff's Motion to Proceed as a Veteran (Dkt. 10) is **STRICKEN** from the court's calendar.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of July, 2006.

Robert J. Bryan
United States District Judge